AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>ALEJANDRO JIMENEZ<br><br>Defendant(s) | )<br>)<br>)  Case No. 4-15-70847<br>)<br>)  OAKLAND VENUE<br>) |

FILED
JUL -2 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  July 1, 2015  in the county of  Contra Costa  in the
Northern  District of  California  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(o) | Illegal transfer or possession of a machinegun<br><br>Maximum Penalties: 10 years prison<br>$250,000 fine<br>3 years supervised release<br>$100 mandatory special assessment<br>Forfeiture |

This criminal complaint is based on these facts:
See attached AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

☑ Continued on the attached sheet.

APPROVED AS TO FORM:
AUSA BRIGID S. MARTIN

_Complainant's signature_

Sarah Mauricio, ATF Special Agent
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 7/2/15

_Judge's signature_

City and state:  Oakland, California

Hon. Kandis A. Westmore
_Printed name and title_

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Sarah Mauricio, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives being duly sworn, hereby declare as follows:

## I.     INTRODUCTION AND QUALIFICATIONS OF AFFIANT

1.      I am a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been employed by the ATF since October 2009, and I receive ongoing training regarding federal laws, rules, and regulations regarding firearms and violent crime. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and Special Agent Basic Training. During my employment with ATF, I have participated in investigations and arrests involving, among other things, violations of federal firearms laws. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

## II.     PURPOSE OF THE AFFIDAVIT

2.      This affidavit is being submitted in support of a criminal complaint and arrest warrant charging ALEJANDRO JIMENEZ with illegal transfer or possession of a machinegun, in violation of 18 U.S.C. § 922(o).

3.      Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that, on or about July 1, 2015, JIMENEZ unlawfully possessed a machinegun, in violation of 18 U.S.C. § 922(o). The statements contained in this affidavit are based on information provided to me by other law enforcement officers, as well as my knowledge of this investigation, and my training and experience.

1

### III. PROBABLE CAUSE

4.  Based upon my personal observations, my review of written reports, my training and experience, and information provided to me from other law enforcement officers, on July 1, 2015, myself and other officers were conducting an undercover operation during which undercover officers sold a machinegun to an individual identified as ALEJANDRO JIMENEZ.

5.  In June 2015, JIMENEZ contacted undercover officers, utilizing phone number 707-712-5045, in response to a posting on www.armslist.com, advertising an un-serialized AR-15 rifle lower receiver. This advertisement included a photograph of an un-serialized AR-15 lower receiver that had been milled to accept fully automatic components. Phone number 707-712-5045 was queried in public and law enforcement record databases, and determined to likely belong to ALEJANDRO JIMENEZ. A criminal history check of JIMENEZ revealed that on 01/06/2014, he was convicted of California Penal Code section 25400(a)(2) – carrying a concealed weapon, a felony crime punishable by a term of imprisonment exceeding one year.

6.  JIMENEZ contacted undercover officers via text message from phone number 707-712-5045 and inquired about the machinegun lower receiver. Undercover officers responded to JIMENEZ, and stated that the AR-15 style lower receiver was "full auto". JIMENEZ responded to undercover officers via text message and stated "I know". JIMENEZ subsequently contacted undercover officers and inquired about also purchasing a Glock 19 pistol.

7.  On or about June 30, 2015, ATF Task Force Officers contacted the Solano County Probation Office, and learned that JIMENEZ is currently on active probation and had previously

2

provided their office with phone number 707-712-5045 as a means to contact him, and had utilized that same phone number to check in with the probation office.

8.      At approximately 3:00 p.m. on July 1, 2015, JIMENEZ arrived at the parking lot of the Sun Valley Mall in Concord, California.

9.      The undercover officer met with JIMENEZ in the parking lot and showed JIMENEZ to an undercover vehicle. The undercover officer directed JIMENEZ's attention to the AR-15 style machinegun lower receiver and the Glock 19 pistol. JIMENEZ picked up the AR-15 style machinegun lower receiver, and asked the undercover officer if it was legal to take it to the gun range. The undercover officer stated to JIMENEZ that it was a machinegun. JIMENEZ asked the undercover officer if it would be legal with certain gun parts. The undercover officer stated to JIMENEZ that even with semi-automatic gun parts it would still be a machinegun. JIMENEZ then removed his wallet from his pocket, and provided the undercover officer with $450.00 in US currency and took possession of the AR-15 style machine gun lower receiver.

10.     As JIMENEZ began to walk away in possession of the AR-15 style machinegun lower receiver, other agents and officers announced police presence and JIMENEZ began to flee on foot in an attempt to avoid capture. As he fled JIMENEZ discarded the AR-15 style machinegun lower receiver. JIMENEZ was taken into custody a short distance away without further incident. Recovered from JIMENEZ's person was a cellular phone and wallet. The ATF undercover officer subsequently called phone number 707-712-5045, and the phone recovered from JIMENEZ rang.

11. From consulting with other experienced law enforcement officials, I know that the AR-15 style lower receiver is a "firearm" as defined in 18 U.S.C. § 921(a)(3), and is a "machinegun" as defined in 26 U.S.C. § 5845(b), as referenced in 18 U.S.C. § 921(a)(23).

### IV. CONCLUSION

12. Based on the facts and information detailed in the affidavit, I believe probable cause exists that ALEJANDRO JIMENEZ illegally possessed a machinegun in violation of 18 U.S.C. § 922(o), when he possessed the AR-15 style machinegun lower receiver. As such, I respectfully request a warrant for his arrest.

Under penalty of perjury, I swear that the foregoing is true and correct to the best of my knowledge, information and belief.

*Sarah Mauricio*
Sarah Mauricio
ATF Special Agent

Sworn and subscribed before me this 2nd day of July 2015.

*Kandis Westmore*
HON. KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

4