BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

BRIGID S. MARTIN (CABN 231705)
Assistant United States Attorney
    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Brigid.Martin@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALEJANDRO JIMENEZ, <br><br> Defendant. | NO. CR 15-00372 JD <br><br> UNITED STATES' UNOPPOSED MOTION SEEKING ORDER OF DISMISSAL AND [PROPOSED] ORDER |

On July 16, 2015, a grand jury indicted the defendant Alejandro Jimenez on two counts: (1) possession of "a machinegun, specifically, an AR-15-style machinegun lower receiver," in violation of 18 U.S.C. § 922(o); and (2) receiving and possessing "a firearm, specifically, an AR-15-style machinegun lower receiver," in violation of 26 U.S.C. § 5861(d). Dkt. No. 6. On November 13, 2015, the defendant filed a motion to dismiss both counts arguing that these statutes are unconstitutionally vague as applied to him, specifically, that the defendant could not know that this particular firearm receiver constituted a machinegun and/or firearm. See Dkt. No. 12. On June 6, 2016, the Court issued an Order granting the motion in part and denying it in part. Dkt. 20.

//

GOV. MOT. AND [PROP.] ORDER
CR 15-00372 JD

While the Court's Order appears to leave open the government's pursuit of these charges on other legal theories, the Order proscribes the government from proving the violations of law using the particular theory specified in the indictment. At this time, the government cannot prove either count as currently charged in the indictment. Specifically, the indictment alleges that the defendant possessed a machinegun, in violation of 18 U.S.C. § 922(o), and a firearm, in violation of 26 U.S.C. § 5861(d), solely relying on the theory that the items possessed by the defendant met the definition of both "firearm" under Title 26, and "machinegun" under Title 18 by virtue of its designation as "the receiver" pursuant to applicable federal regulations. At this time, the government is not prepared to reallege the charges based on an alternative theory. Therefore, we seek an order of dismissal of the indictment without prejudice. The government has conferred with defense counsel and the defense has no objection to the government moving for a dismissal, or the Court granting a dismissal without prejudice

DATED: 7/1/16

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

DAVID R. CALLAWAY
Chief, Criminal Division

BRIGID S. MARTIN
Assistant United States Attorney

**[PROPOSED] ORDER**

Upon consideration of the motion of the United States, IT IS HEREBY ORDERED that the indictment in the captioned case is dismissed without prejudice and further hearings in this case are hereby VACATED.

Date: _____

_____
HON. JAMES DONATO
United States District Judge

GOV. MOT. AND [PROP.] ORDER
CR 15-00372 JD